UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                         2:11-cr-40-FtM-29SPC

EDDY LUIS JOSE ESTRELLA
_____

**OPINION AND ORDER**

This matter comes before the Court on defendant Estrella's Motion to Suppress Identification with Respect to 404(b) Evidence (Doc. #52) filed on August 16, 2011. The government filed a Response (Doc. #55), and defendant filed a Supplemental Memorandum (Doc. #60). The Court conducted an evidentiary hearing over the course of two days.

Defendant seeks to suppress a show up identification made by the victim of an armed robbery to police shortly after the robbery occurred. The victim identified defendant at a time defendant was in the custody of a police officer and was the only person in the vicinity other than the officer, who bore no resemblance to the robber.

The Court uses a two-part test to determine whether an out-of-court identification was properly admitted. <u>United States v. Diaz</u>, 248 F.3d 1065, 1102 (11th Cir. 2001). First, the court considers whether the original identification procedure was unduly suggestive. If it was, the court then considers whether, under the totality of the circumstances, "the identification was nonetheless

reliable." Id. At the second step, the court considers several factors to determine the identification's reliability, including: (1) the opportunity the witness had to view the suspect at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the length of time between the crime and the confrontation. Neil v. Biggers, 409 U.S. 188, 199-200 (1972).

A show up refers to "showing suspects singly to persons for the purpose of identification," and are considered inherently suggestive. Stovall v. Denno, 388 U.S. 293, 302 (1967). Nonetheless, show ups are not inherently unduly suggestive, and "admission of evidence of a showup without more does not violate due process." Manson v. Brathwaite, 432 U.S. 98, 106 (1977). This is because "immediate confrontations allow identification before the suspect has altered his appearance and while the witness' memory is fresh, and permit the quick release of innocent persons." Johnson v. Dugger, 817 F.2d 726, 729 (11th Cir. 1987). Accordingly, show ups are unnecessarily suggestive only when "police aggravate the suggestiveness of the confrontation." Id.

The Court credits the testimony of the police officers that they did nothing to aggravate the inherent suggestiveness of the confrontation process when the victim was taken to the location where defendant had been apprehended. Specifically, the Court

credits the testimony of officer Christian Reynolds that he did not tell the victim that the police had caught the other person involved in the robbery. The Court finds that the show up was not unduly suggestive.

The Court nonetheless considers the Neil v. Biggers factors because the victim testified that he was told the officers had caught the other person involved in the robbery. Whether this was a language barrier issue or simply the victim's interpretation of why he was being taken to the location, this was the victim's mind set at the time of the identification. At the time of the crime, the robber was close enough to the victim to put a gun in his side. The robbery was of a relatively short duration, and the victim's view of his assailant was from an angle. The victim also saw the robber when he was a passenger in the get-away car being driven by another. During the robbery, the victim's attention was primarily on his wallet and the robber's taking the money from it. During the time the vehicle was driving past him, the victim's attention was primarily on the occupants of the vehicle, including the robber/passenger. The victim's description of the robbers was accurate but lacking in significant detail. The victim was certain of his identification, and the length of time between it and the crime was very short, roughly twenty minutes. The victim made the identification despite recognizing that the person he identified had a black shirt on while the robber had a red shirt. The Court

is satisfied that, despite the impeachment elicited at the hearing, the identification by the victim was, under the totality of the circumstances, reliable.

The victim's identification of defendant in court at the suppression hearing, on the other hand, was not sufficient enough to ensure reliability. The victim merely testified that it was possible that the robber could be in court. Such a possibility has such a low level of meaningfulness that it is not reliable and will not be allowed to be elicited from the victim at trial.

Accordingly, it is now

**ORDERED**:

Defendant Estrella's Motion to Suppress Identification with Respect to 404(b) Evidence (Doc. #52) is **DENIED** as to identification made shortly after the robbery but **GRANTED** as to any in-court identification.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of November, 2011.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record